UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jamal Baptist
2649 Park Place, SE
Apt. #203
Washington, DC   20020

Vs.

District of Columbia
1350 Pennsylvania Ave., NW
Washington, DC   20004

Case: 1:08-cv-00688
Assigned To : Huvelle, Ellen S.
Assign. Date : 4/22/2008
Description: Civil Rights-Non. Employ.

Serve: Hon. Adrian Fenty
John A. Wilson Bldg.
1350 Pennsylvania Ave., NW,  Suite #419
Washington, DC   20004

Serve: Linda Singer
Office of the Attorney General
441 4th Street, NW
Washington, DC   20001

And

Officer Tony Mason (Sued in both individual and official capacities)
300 Indiana Ave., NW
Washington, DC   20001

And

Officer Miles (Sued in both individual and official capacities)
300 Indiana Ave., NW
Washington, DC   20001

And

Officer Bolden (Sued in both individual and official capacities)
300 Indiana Ave., NW
Washington, DC   20001

Complaint for Violation of Constitutional and Other Rights

United States District Court, District of Columbia.

Jamal, BAPTIST Individually Plaintiff
v.
THE DISTRICT OF COLUMBIA Serve: Hon. Adrian M. Fenty, Mayor John A.
Wilson Building Linda Singer Attorney General, D.C. and Officer Anthony Mason
of the Metropolitan Police Department. in both his official and individual capacities,
Officer Miles of the Metropolitan Police Department in both his official and
individual capacities, and Officer Bolden of the Metropolitan Police Department in
both his official and individual capacities, Defendants.

Complaint

(Assault & Battery; Deprivation of Civil Rights; Negligent Training & Supervision;
Intentional Infliction of Emotional Distress)

## INTRODUCTION

1. This is an action against the District of Columbia, and in their individual, agency, and
official capacities, against Officers Mason, Miles and Bolden for money damages for
deprivations under color of state law of the rights, privileges and immunities secured by
the Constitution of the United States. Specifically, Plaintiff brings this action under
Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, for injuries suffered by
him, because defendants beat, and willfully used unreasonable and excessive force
against him, withheld medical care and failed to provide justification and to report the
incidents involving the excessive and unreasonable use of force.  This is also an action
sounding in common law against defendants for assault, battery, intentional infliction of
emotional distress, negligence, improper or lack of training of officers, and lack of
supervision/monitoring of officers' actions.

## JURISDICTION

2. Plaintiff's Section 1983 claims are filed under the Constitution of the United States,
specifically under 42 U.S.C. § 1983 to redress injuries suffered by him for deprivations
under color of state law of rights, privileges, and immunities secured by the United States
Constitution. This Court has jurisdiction over plaintiff's Section 1983 claims pursuant to
28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This Court has pendent jurisdiction over
plaintiff's common law claims for assault, battery, negligence, intentional infliction of
emotional distress, pursuant to 28 U.S.C. § 1367(a) on the ground that they are so related

1

to the claims within this Court's original jurisdiction as to form part of the same controversy.

3. Venue is appropriate in the District of Columbia pursuant to 28 U.S.C. § 1391 since each of the claims for relief arose in this judicial district.

## *PARTIES*

4. Plaintiff Baptist, was at all times relevant herein, a resident of the District of Columbia.

5. Defendant District of Columbia is a municipal corporation organized pursuant to the laws of the United States and is capable of being sued under D.C. Code §1-102.

6. Defendants Anthony Mason, Mr. Bolden and Mr. Miles, are Metropolitan Police Officers, and was so at all times herein relevant. They are being sued in this case in both their official and individual capacities.

## *STATEMENT OF FACTS*

7. On July 17, 2006 Mr. Baptist and three other men were standing at the corner of 28th and Q St. S.E., waiting for a ride.

8. Two unmarked police cars pulled up to the curb in front of Mr. Baptist just as the other three men were stepping off the curb. Mr. Baptist remained alone on the curb as the unmarked cars came to a stop.

9. At this point, one of the officers asked Mr. Baptist to step off the curb. Mr. Baptist told the officer that he was waiting for a ride. One of the other officers then profanely told Mr. Baptist to step off the curb. Again, Mr. Baptist responded that he was waiting for a ride and wished to remain on the curb.

10. One of the officers, Officer Mason, exited his vehicle and again, profanely instructed Mr. Baptist to step of the curb. Officer Mason was holding his handcuffs in plain view.

11. Fearing arrest, Mr. Baptist then began to walk away. Officer Mason followed Mr. Baptist, while still holding the handcuffs.

12. Mr. Baptist then turned around and asked Officer Mason why he was attempting to arrest him. While holding an empty bottle, Mr. Mason said, "for this."

13. Mr. Baptist then stopped and stood with his back against the fence and his arms outstretched, holding onto the fence behind him. He told Officer Mason that he was not drinking anything.

2

14. Then Officer Tony Mason deviated from arrest protocol and punched Mr. Baptist several times in the ribs. Officer Mason told Mr. Baptist that if he didn't release his grip on the fence that he would be forced to pepper spray him.

15. Mr. Baptist then released his grip on the fence and was arrested for Possession of an Open Container of Alcohol.

16. As an incident to the arrest, Officer Mason searched Mr. Baptist and seized nine dollars from Mr. Baptist's pocket, one five dollar bill and four one dollar bills.

17. The five dollar bill appeared to be counterfeit, and Officer Mason roughly escorted Mr. Baptist to his unmarked vehicle where his partner transcribed the charges of Possession of Counterfeit Currency and Possession of an Open Container of Alcohol.

18. While Mr. Baptist was standing in front of the squad car, Officer Mason continuously and violently stepped on his feet.

19. Soon, a transport vehicle arrived, and Mr. Baptist was taken from the scene to be processed.

20. Immediately after Mr. Baptist entered the transport vehicle he told the officers inside that he needed to go to the hospital for injuries suffered during his violent arrest. Specifically, Mr. Baptist had a sharp pain in his ribs from where Officer Mason punched him several times.

21. Officer Miles ignored Mr. Baptist's pleas, which continued throughout the drive to the police station. When they finally arrived at the station, Mr. Baptist offered to show Officer Miles the bruises on his skin around his ribs, but Officer Miles coldly explained that he did not care.

22. Officer Miles' partner finally agreed to get someone to help Mr. Baptist. Sometime later, Officer Bolden returned to speak with Mr. Baptist.

23. Officer Bolden, who later explained that he is usually a member of Officer Mason's special unit, approached Mr. Baptist, who was still in the transport vehicle, and asked Mr. Baptist to show him the bruises. Mr. Baptist complied, and Officer Bolden asked Mr. Baptist if he wanted to go to the hospital. Mr. Baptist said, "yes."

24. Officer Bolden then tried to bribe Mr. Baptist to not go to the hospital, offering to drop the federal counterfeit charge. Officer Bolden explained to Mr. Baptist that given the minor charge of Possession of an Open Container of Alcohol, he would be released from jail in about an hour.

25. Despite his desire to go to the hospital, Mr. Baptist agreed to accept Officer Bolden's offer, reasoning that he would not have to face federal charges and would be released in an hour and that he would be able to go to the hospital after his release.

3

26. Mr. Baptist then used the phone in the jail to call a lady named Pam to ask her for $25 to pay the fine for the Possession of an Open Container of Alcohol charge, which would necessitate his release. Pam then relayed the information to her daughter Samantha, who told her mother that the bottle at issue actually belonged to her and that it was empty when she left it near the corner.

27. During this conversation, Mr. Baptist remembered that Samantha walked by him and one other man earlier in the day before the police arrived. She stopped and gave Mr. Baptist a hug, which, unbeknownst to Mr. Baptist, required her to set her empty bottle on the ground.

28. Samantha gave her mother $25 to be used to pay Mr. Baptist's fine and to arrange for his release.

29. Unfortunately, by the time the money arrived, Mr. Baptist had been incarcerated for four hours, during which time his untreated ribs caused him great pain.

30. At all times relevant to this action, defendants Mason, Miles, and Bolden were acting under color of law and within the scope of their employment as duly appointed police officers in the District of Columbia.

31. At all times relevant to this action, the District of Columbia had in effect and was responsible for the policies and procedures followed by the its police officers in the actions taken relating to the defendant, and was further responsible for the training, supervision, monitoring and disciplining of the officers involved.

## COUNT I
### (Assault & Battery)

32. Mr. Baptist re-alleges and incorporates by reference all allegations set forth in the preceding Paragraphs of this Complaint.

33. On July 17, 2006, Mr. Baptist was standing on the corner of 28th St. S.E. and Q St. S.E., when he was violently assaulted and battered by Police Officer Tony Mason. The assault and battery was unprovoked and not in self-defense; it was willful, malicious, wanton, careless, intentional and negligent.

34. As a result of the assault and battery as aforesaid, Mr. Baptist suffered serious physical and mental and emotional damages and injuries including bruises, insomnia, anxiety/stress, and mild schizophrenia.

35. It is foreseeable that Mr. Baptist will in the future incur further hospital and medical costs and expenses as a result of this attack.

4

36. Mr. Baptist has been permanently damaged.

## COUNT II
### (Intentional Infliction of Emotional Distress)

37. Mr. Baptist re-alleges and incorporates by reference all allegations set forth in the preceding Paragraphs of this Complaint.

38. Officers Mason, Miles and Bolden engaged in the conduct described above recklessly or with the intent of causing Mr. Baptist severe emotional distress.

39. The conduct of these officers was extreme and outrageous.

40. Mr. Baptist suffered severe emotional distress, humiliation, indignity, injury to reputation, as a result of this conduct.

## Count III
### (Negligence)

41. Mr. Baptist incorporates as though restated each of the factual allegations stated in all of the preceding paragraphs.

42. Such conduct was negligent and in violation of the duty Officers Mason, Miles and Bolden owed to citizens, like Mr. Baptist, to exercise due care in interacting with citizens, especially those whom they take into their custody.

43. In addition, Defendant District of Columbia failed to exercise reasonable care in the hiring, training, supervision, and retention of Officers Mason, Miles, and Bolden when they knew or should have known of the outrageous and extreme misconduct of these officers in their interactions with citizens.

44. Defendants Mason, Miles and Bolden's actions and the District of Columbia's actions, or lack thereof, all of which is described above, directly and proximately caused Mr. Baptist's physical and psychological injuries, severe emotional distress, pains and sufferings, humiliation, indignity, and other injuries as described above.

## Count IV
### (Liability of Defendants District of Columbia for the torts of Officers Mason, Miles and Beldon in Respondeat Superior)

45. Mr. Baptist realleges and incorporates by reference all allegations set forth in the preceding Paragraphs of this Complaint.

46. Officer Anthony Mason intentionally assaulted and battered Mr. Baptist, and intentionally inflicted severe emotional distress upon him. Additionally, Officers Mason,

5

Miles and Bolden engaged in fabrication of evidence by signing a false report of the occurrences. Moreover, they maliciously injured him by withholding medical treatment, as described above.

47. At all relevant times Mr. Mason, Mr. Miles and Mr. Bolden were acting within the scope of their employment with Defendant District of Columbia.

48. Defendant District of Columbia is liable under the doctrine of respondeat superior for the injuries to Mr. Baptist, as described above, caused by the tortious acts of Mr. Mason, Mr. Miles and Mr. Bolden.

Count V
(Deprivation of Civil Rights, 42 U.S.C. § 1983 - District of Columbia,
Officers Mason, Miles and Bolden)

49. Mr. Baptist incorporates as though restated each of the factual allegations stated in all of the preceding paragraphs.

51. Mr. Baptist seeks relief against the District of Columbia under 42 U.S.C. Section 1983. Similarly, Mr. Baptist seeks relief against Officers Mason, Miles and Bolden.

52. The District of Columbia and Officers Mason's, Miles' and Bolden's conduct in arresting and detaining Mr. Baptist without justification constitutes a deprivation of liberty without due process of law, in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution.

53. The deprivations to Mr. Baptist's Fifth Amendment rights were committed by Officers Mason, Miles and Bolden while they were acting under color of state law.

54. The District of Columbia and Officers Mason, Miles and Bolden's actions described above, directly and proximately caused the violations of Mr. Baptist's Fifth Amendment rights.

55. The District of Columbia and Officers Mason, Miles and Bolden's actions described above were deliberate and intentional violations of Mr. Baptist's Fifth Amendment rights and thus the District of Columbia and Officers Mason, Miles and Bolden are not protected by absolute or qualified immunity.

56. The District of Columbia and Officers Mason, Miles and Bolden's actions described above, directly and proximately caused Mr. Baptist's physical injury, severe emotional distress, and pains and suffering and other injuries as described above.

*Count VI*
(Deprivation of Civil Rights, 42 U.S.C. § 1983 - Mr. Mason)

57. Mr. Baptist incorporates as though restated each of the factual allegations stated in all

6

of the preceding paragraphs.

58. Mr. Baptist seeks relief against Officer Mason under 42 U.S.C. Section 1983 in both his individual and official capacity.

59. Officer Mason's conduct in assaulting, and battering Mr. Baptist as he did, beating him, and engaging in fabrication of evidence through the giving of false incident report without justification, and using excessive and unreasonable force against him, constitutes an unreasonable seizure, in violation of the Fourth Amendment of the United States Constitution.

60. The deprivations to Mr. Baptist's Fourth Amendment rights were committed by Officer Mason while he was acting under color of state law.

61. Officer Mason's actions described above, directly and proximately caused the violations of Mr. Baptist's Fourth Amendment rights.

62. Officer Mason's actions described above were deliberate and intentional violations of Mr. Baptist's Fourth Amendment rights and thus Mr. Mason is not protected by absolute or qualified immunity.

63. Officer Mason's actions described above, directly and proximately caused Mr. Baptist's physical injury, severe emotional distress, and pains and suffering and other injuries as described above.

## COUNT VII
(Deprivation of Civil Rights, 42 U.S.C. § 1983 - Mr. Miles and Mr. Bolden)

64. Mr. Baptist incorporates as though restated each of the factual allegations stated in all of the preceding paragraphs.

65. Mr. Baptist seeks relief against Officers Miles and Bolden under 42 U.S.C. Section 1983 in both his individual and official capacity.

66. Officers Miles and Bolden's conduct in depriving Mr. Baptist of urgently needed medical care while he was in their custody violated the Eighth Amendment of the United States Constitution's prohibition against Cruel and Unusual Punishment.

67. The deprivations to Mr. Baptist's Eighth Amendment rights were committed by Officers Miles and Bolden while they were acting under color of state law.

68. Officers Miles and Bolden's actions described above, directly and proximately caused the violations of Mr. Baptist's Eighth Amendment rights.

69. Officer Miles and Bolden's actions described above were deliberate and intentional violations of Mr. Baptist's Eighth Amendment rights and thus Mr. Miles and Bolden is

7

not protected by absolute or qualified immunity.

## COUNT VIII
### (Deprivation of Civil Rights, 42 U.S.C. § 1983 - District of Columbia)

63. Mr. Baptist incorporates as though restated each of the factual allegations stated in all of the preceding paragraphs.

64. Mr. Baptist seeks relief against Defendant District of Columbia under 42 U.S.C. § 1983.

65. Defendant District of Columbia failed to appoint, supervise, monitor, train, and and/or promote members of the District of Columbia Metropolitan Police Department who would enforce the laws and policies in effect in the District of Columbia. The District of Columbia acted, and failed to keep from harm and to act, intentionally, and with deliberate indifference to the rights of Mr. Baptist and other citizens.

66. Defendant District of Columbia had both actual and constructive knowledge that Officers Mason, Miles and Bolden, engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to Mr. Baptist and those similarly situated.

67. Defendant District of Columbia had a pattern of continued inaction in the face of Officers Mason, Miles and Bolden's and other police officers' documented widespread abuse of District of Columbia's citizens rights under the Fourth, Fifth and Eighth Amendment of the U.S. Constitution.

68. Defendant District of Columbia failed to train its employees and officers in the proper application of force, and the number and frequency of such violations made the need for further training plainly obvious to the policy makers of the District of Columbia.

69. Defendant District of Columbia's actions described above were deliberate and intentional violations of Mr. Baptist's Fourth, Fifth and Eighth Amendment rights and thus Defendant District of Columbia's actions described above are not protected by absolute or qualified immunity.

70. Defendant District of Columbia took no steps to remedy the conduct of Officers Mason, Miles or Bolden, which is described above.

71. Defendant District of Columbia's actions described above, directly and proximately caused Mr. Baptist's physical injury, severe emotional distress and pains and sufferings and other injuries as described above.

72. Defendant District of Columbia's actions, and failures to act, as described above, directly, proximately and affirmatively caused the violations of Mr. Baptist's Fourth, Fifth and Eighth Amendment rights.

8

73. The deprivations to Mr. Baptist's Fourth, Fifth and Eighth Amendment rights were committed by Defendant District of Columbia pursuant to the policy, custom and practice of Defendant District of Columbia.

### *Count IX*
### (Punitive Damages)

74. Each of the individual defendants and the District of Columbia are liable in punitive damages under common law for the conduct described above.

### *Jury Demand*

75. The plaintiff demands a trial by jury on all issues so triable.

### *Requested Relief*

NOW WHEREFORE, Mr. Baptist prays this court to order the relief requested above including:

1. Award Mr. Baptist compensatory and consequential damages in an amount to be determined, but in no event less than $2,000,000;

2. Award plaintiff punitive damages in an amount to be determined, but in no event less than $2,000,000;

3. Award plaintiff any attorneys' fees and experts' fees and costs incurred in bringing this action under 42 U.S.C. §1983;

4. Grant such other relief as this court deems just.

Respectfully Submitted,

Paul D. Hunt
4614 Wissahican Ave.
Rockville, MD   20853
Fed. Bar #447182
Phone: 202-463-1965

08-688

ESH

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jamal Baptist | The District of Columbia, Officer Anthony Mason, Officer Miles, and Officer Bolden of the Metropolitan Police Department |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>Paul Hunt      2/463-1965<br>404 Wisschican Ave.<br>Rockville, MD    20853 | Case: 1:08-cv-00688<br>Assigned To : Huvelle, Ellen S.<br>Assign. Date : 4/22/2008<br>Description: Civil Rights-Non. Employ.<br><br>JURY ACTION |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⊙ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | OR | ○ F. Pro Se General Civil | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

5

| O **G. Habeas Corpus/ 2255** | O **H. Employment Discrimination** | O **I. FOIA/PRIVACY ACT** | O **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O **K. Labor/ERISA (non-employment)** | ⊗ **L. Other Civil Rights (non-employment)** | O **M. Contract** | O **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊗ 1 Original Proceeding   O 2 Removed from State Court   O 3 Remanded from Appellate Court   O 4 Reinstated or Reopened   O 5 Transferred from another district (specify)   O 6 Multi district Litigation   O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983 (police officers knowingly used excessive force to arrest the plaintiff, detained him without due process, and withheld medical treatment)

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 4000000 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☒   NO ☐ |

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  **4/22/08**    SIGNATURE OF ATTORNEY OF RECORD   _PDS_

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.